HAMILTON v. HORAN.

4-4396

Opinion delivered November 2, 1936.

*James B. McDonough,* for appellant.

*Hill, Fitzhugh & Brizzolara* and *Holland & Holland,* for appellees.

McHANEY, J. Appellee, P. F. Horan, filed his complaint at law against appellant, alleging that he was the owner of certain lands fronting on the Arkansas River to which a certain accretion had formed because of the recession of the river; that appellant was the owner of certain other lands fronting on the river, and separated from said appellee's lands on the north by a narrow strip of land, and that an accretion had formed to appellant's lands; that the latter had taken possession of his own accretion and also a part of the accretion of said appellee. He prayed judgment for the recovery of the possession of the accretion wrongfully in possession of appellant. An answer and cross-complaint were filed by appellant, making appellee, U. G. Sharum, who is the owner of a certain accretion to the north of appellant's accretion, and the Caruthers heirs, who are the owners of a narrow strip of accretion lying between that of appellant and appellee Horan, parties to the action. Sharum answered and pleaded possession of his accretion for more than seven years as a bar to the action against him. The Caruthers heirs answered and claimed title to the narrow strip of accretion above mentioned. By consent the cause was transferred to equity.

Trial resulted in a decree awarding appellee Horan the accretion claimed by him amounting to 32.85 acres; to the Caruthers heirs a narrow strip of land 84 feet wide and 1,580 feet long, containing 2.99 acres and lying between the accretions awarded Horan and appellant; and dismissed appellant's cross-complaint against Sharum and Caruthers as being without equity.

On appeal all parties agree that the rule announced by this court in *Malone* v. *Mobbs,* 102 Ark. 542, 145 S. W. 193, 146 S. W. 143, Ann. Cas. 1914A 479, for the appor-

tionment of alluvian among contiguous riparian owners is correct. It is stated correctly in the first syllabus as follows: "The rule for apportioning alluvion among riparian proprietors is (1) to measure the whole extent of the ancient bank or line of the river, and compute how many rods, yards or feet each riparian proprietor owned on the river line; (2) supposing the former line to amount to 200 rods, to divide the newly formed line into 200 equal parts, and appropriate to each proprietor as many portions of this new river line as he owned rods on the old; then, to complete the division, lines are to be drawn from the points at which the proprietors respectively bounded on the old to the points thus determined as the points of division of the newly formed shore."

But appellant says that under this rule the Caruthers heirs were not entitled to any accretion whatever. The proof shows they had a frontage of 84 feet on the ancient bank of the river, adjacent to appellant, and we fail to see why they should not be awarded their proportionate part of the accretion when accretion was formed under the rule announced, and it appears to be well settled that a riparian owner, on a navigable stream, be his ownership great or small, is entitled to accretions, access to the water, etc. 45 C. J., § 143, p. 491; § 152, page 500.

It is next contended that the rule in *Malone* v. *Mobbs, supra,* was not followed in this case. We cannot agree. An engineer was employed by appellees Horan and Caruthers who made a survey of the old river bank and the accretions formed between it and the new or present bank. He testified that he was familiar with the rule announced in that case and followed it, and apportioned to Horan and Caruthers the exact amount each was entitled to under that rule. There is no dispute of this fact in the evidence. The trial court accepted it as true, and we perceive no reason to disturb the court's finding.

It appears to be conceded by appellant that appellee Sharum had acquired title to accretions that otherwise would have been his. Sharum, with appellant's knowledge and by his acquiescence, if not his consent, inclosed a large portion of accretions to the north of appellant's

with a large levee more than seven years before this action was begun and continuously held same in his possession since that time. This levee encroached on the south side on accretions that belonged to appellant, and would now be his, except for the adverse possession of Sharum. It is contended by him that appellees, Horan and Caruthers, have been guilty of laches and are barred from maintaining this action in failing to bring it before the seven-year statute had protected Sharum. We cannot agree. Sharum was not in possession of any accretion belonging to appellees Horan and Caruthers. The riparian owners were not tenants in common in the accretions. Each was the owner of his separate accretion under the rule in *Malone* v. *Mobbs, supra.* Horan and Caruthers could not have maintained an action against Sharum to dispossess him of appellant's land, and they might with equal propriety have attributed his possession to purchase from appellant as well as to adverse possession. It was a matter that concerned appellant alone.

We find no error, and the decree is accordingly affirmed.

JOHNSON, C. J., dissents.